IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-06-0309 |
| v. | * | Civil No. – JFM-15-3069 |
| | * | |
| DARRON GOODS | * | |

******

MEMORANDUM

Darron Goods has filed a motion to vacate and set aside sentence. The motion will be denied.

As a preliminary matter, a question exists as to the jurisdiction of this court to consider the motion. I find that I do have jurisdiction. Christopher Brown, who represented Goods, told Goods that he would keep him updated as to the status of the petition for writ of certiorari that Brown had filed with the Supreme Court. He did not do so. I find that Brown "abandoned" his representation of Goods and that Goods properly relied upon Brown's assurances that he would keep him abreast of developments in the case.

On the merits Goods' first complaint is that Brown failed to call his aunt, Catherine Giddens, and his girlfriend, Alonna Cole, to testify that Goods was wearing a gray commemorative shirt on the day in question. The Fourth Circuit has ruled that "[a]n attorney's failure to present available exculpatory evidence is ordinarily deficient unless some cogent tactical or other consideration justified it." *Griffin v. Warden*, 970 F.2d 1355, 1358 (4th Cir. 1992). Here, a cogent tactical consideration justified Brown's decision not to call the two witnesses. Four witnesses testified that petitioner was wearing a gray sweatshirt on the night in question, and three of those witnesses were related to the victim. The two witnesses whom

Brown did not call were related to Goods. Indeed, one of them was the mother of petitioner's child, and evidence was presented at trial that her car was used as a getaway vehicle.[1]

Goods' second contention is that trial counsel failed to request a limiting instruction regarding evidence of co-defendant James Dinkins' attempt to obstruct justice. This complaint arises from the fact that McLean, the government's witness, wrote a letter to the Assistant United States Attorney that Dinkins was not involved in the murder of Dougherty. McLean explained that Dinkins actually wrote the letter and that McLean rewrote the letter in his own handwriting but that he did so because he was afraid of Dinkins. After sending the letter McLean contacted the Assistant United States Attorney to confess that the letter was not true. Dinkins did not request that McLean testify that Goods was not involved in the murder of Dougherty. Indeed, he testified at trial that Dinkins wanted him to tell the Assistant United States Attorney that Gilbert and Goods had killed Dougherty. Under these circumstances there clearly was no prejudice in not seeking the limiting instruction because it was self-evident that Goods was not involved in the writing of the letter that exculpated him in the murder of Dougherty.

A separate order denying Goods' motion is being entered herewith.

Date: 9/28/16

J. Frederick Motz
United States District Judge

---

[1] Furthermore, Goods cannot meet the prejudice prong of the test established in *Strickland v. Washington*, 466 U.S. 668 (1984).